West'n Dis'ct
October, 1826

NORWOOD
*vs.*
GREEN.

</div>

---

### HUNTER vs. SMITH.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the

<div style="text-align:right">

The defendant may offer in evidence his own answers to interrogatories propounded to him by the plaintiff in a former suit.

</div>

court. This case is before us on a bill of exceptions to the opinion of the district court, in refusing leave to the defendant to avail himself of his answer to certain interrogatories put him by the plaintiff in a former suit between the parties, which was discontinued.

The district court in our opinion erred.

The defendant has an undoubted right to avail himself of his own answer to the plaintiff's interrogatories, and such answer is a legal piece of evidence which may be used by either party. *Berthole* vs. *Mace,* 5 *Martin,* 592.

The legislature has declared that such an answer is evidence in favor of the party answering, unless contradicted by positive literal proof or two witnesses. *Civil Code,* 316, *art.* 263.

Can the plaintiff deprive the defendant of this undoubted right to use the answer in evidence, by dismissing his suit and recommencing it.

The defendants may give in evidence the record of a former suit, between the parties, although it was dismissed. *Bore* vs. *Quierry's Ex'rs.* 4 *Martin,* 545. Yet the suit was

dismissed, not by the plaintiff's sole act, but upon an agreement between the parties.

The record of a suit is evidence, although the proceedings were not continued, 'till judgment. *Barlow* vs. *Dupuy*, 3 *vol.* 442.

A party cannot dep ive his adversary of any piece of evidence, which he may incautiously f rnish.

Thus we have held, a defendant cannot amend his answer by withdrawing an admission he has made, *Vavasseur* vs. *Bayon*, 11 *Martin*, 639, and that a plaintiff has no right to withdraw his answer to the d fendant's interrogatories, although *there* it was objected to. *Posten* vs. *Adams*, 5 *Martin*, 272.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and the case remanded for trial, with directions to the judge to permit the defendant to read in evidence his answer to the interrogatories put to hi by the plaintiff, in the former suit, and it is ordered that the plaintiff and appellee pay costs in this court.

*Thomas* for the plaintiff, *Baldwin* for the defendant.